## VIRACOLA et al. v. UNITED STATES.
### No. 5937.

Circuit Court of Appeals, Third Circuit.

May 22, 1936.

George R. Sommer, of Newark, N. J., for appellants.

Thorn Lord, U. S. Atty., of Trenton N. J., and John J. Quinn, Asst. U. S. Atty., of Red Bank, N. J.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The appellants, with others, were indicted for violation of the Internal Revenue Laws on four counts. The first charged them with making and distilling alcohol or spirits subject to tax with intent to defraud the United States of the tax. The second charged them with having in their possession an unregistered still. The third charged them with working in a distillery in which there was no sign bearing the words "Registered Distillery" as required by law. The fourth charged them with making and fermenting mash for distillation in a building which was not an authorized distillery. Viracola was convicted and sentenced on all four counts; Delisa and Veccheo on the first, third, and fourth counts.

The proofs were that in the evening of February 5th revenue agents investigated the place in which the still was later found. They smelled fermented mash before going on the premises, and they entered it through the garage from which the mash odor came. In the garage was a 1,500 gallon still, alcohol, and other equipment and supplies for the operation of a distillery. There was no sign on the premises stating that the distillery had been registered. They found a man named Galati tending the distillery apparatus. They concealed themselves in the distillery, allowed the apparatus to keep functioning, and waited to see what would occur. In the early morning of February 6th, the man named Delisa backed up a truck containing sugar and yeast to the door of the garage and when he came to the door he was placed under arrest. According to testimony on the part of the defendants, Viracola, the owner of the premises, was informed by a man named Lustbaum that there was something peculiar going on in the garage. At all events, Viracola came up early in the morning with other men in an automobile and one of the men knocked and asked Tony Galati to let them in. Viracola was driving the automobile and he turned the car so as to back it into the garage. In the car was found a rifle and a package of lunch. Bullets to fit the rifle were found in the distillery. He asked the agent to let him off because his brother was running for office and admitted the property was his. Veccheo tried to get into the still room early in the morning and was arrested and searched. He had his lunch with him, and a key to the distillery was found in his pocket. The possession of the key was unexplained.

■ The court told the jury that it was uncontradicted that there was a still on the premises under operation illegally and without a permit. That is alleged as error on the ground that it ought to have been left to the jury. What it really was was a statement by the judge of a fact which was uncontradicted, and that there was no evidence on the part of the defendants to contradict that fact.

■ The second assignment of error was that the judge, to the prejudice of the defendants, refused to make the following charge which would apply to Viracola, the owner of the premises: "If the owner of the property first had knowledge that there was something wrong on his property on the morning of the raid, he did not have sufficient time to act and is therefore not guilty of the crimes charged." We see no

error in his refusing that point for charge because it contains a finding of fact that the defendant did not have sufficient time to act. There was no error in the refusal of the court to make that finding of fact, as that would have involved the determination by the court of a question for the jury.

The third error assigned was failure to charge that under the third count the jury must bring in a verdict of "not guilty" unless they found that Delisa actually worked in the distillery. This is based on the ground that he was not charged with unlawful delivery of raw materials. He was found with the raw materials in his possession and was in the act of having the raw materials brought into the distillery. This is a fact in connection with the charge of making and fermenting mash fit for distillation and for the production of spirits or alcohol.

The fourth assignment of error on which the defendants rely is the refusal of the judge to charge the jury that the only persons who could be convicted of the first, third, and fourth counts of the indictment are the actual owner or owners of the still and mash, and all others must be acquitted. There was ample evidence to go to the jury that a still was in operation there and the presence of the defendants, including Delisa, upon the premises owned by Viracola is, we think, sufficient to show that he and they had knowledge and took a part in the operation of the distillery.

The case was carefully and well tried by the judge, and his charge was comprehensive and contained all the elements essential for the protection of the defendants. The judgment is affirmed.